IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------ : | |
| UNITED STATES OF AMERICA : | CASE NO. 1: 09 CR 00145 |
| : | |
| Plaintiff : | |
| : | MEMORANDUM OF OPINION AND |
| -vs- : | ORDER DENYING DEFENDANT |
| : | HAYES' MOTION TO SUPPRESS |
| : | |
| ALEX REESE, JR., et al., : | |
| : | |
| Defendants. : | |
| ------------------------------------------------------ : | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 25 March 2009, the government filed a two count Indictment against defendants Alex Reese, Jr. ("Mr. Reese"), Jeffrey Hampton ("Mr. Hampton"), Sidney Garth ("Mr. Garth"), and Hubert Hayes ("Mr. Hayes"), charging each with conspiracy to possess with intent to distribute and distribute cocaine along with an allegation of use and possession of a firearm, in violation of 21 U.S.C. §§ 841 & 846 and 18 U.S.C. § 924(c). (Doc. 9).

Before the Court is a motion for reconsideration of this Court's 25 June 2010 Memorandum of Opinion and Omnibus Order denying, among other motions, Mr. Hayes' motion for suppression of statements he made while in custody. (Doc. 50, Hayes motion for evidentiary hearing and for reconsideration). The government filed a brief in response. (Doc. 51). For the first time, in Mr. Hayes' motion for reconsideration, the Defendant places a factual issue in dispute, i.e. whether he was issued his Miranda warnings at the time of his arrest. Further, Mr. Hayes alleges additional constitutional

infirmities.  Aside from contesting having received his Miranda warnings, Mr. Hayes also alleges that he did not "properly" waive or understand the Miranda warnings. (Doc. 50, p. 3).  Finally, Mr. Hayes contends that his confession was not voluntary.  Id.

To evaluate these issues, the Court held a suppression hearing on 14 September 2010.  Mr. Hayes was present at the hearing, along with his attorney, Russell Tye.  AUSA Kelly Galvin represented the government along with Special AUSA Philip Fijalkovich.  The background leading up to the arrest of Mr. Hayes and his co-defendants is discussed extensively in this Court's 25 June 2010 Omnibus Order and need not bear repeating here.  (Doc. 50).

**Law and Analysis**

The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself."  To make this right meaningful, the United States Supreme Court has held that, prior to a custodial interrogation, law enforcement officials must inform the individual to be interrogated that: (1) she has the right to remain silent; (2) her statements may be used against her at trial; (3) she has a right to an attorney during questioning; and (4) if she cannot afford an attorney, one will be appointed to represent her.  See Miranda v. Arizona, 384 U.S. 436, 479; see also Dickerson v. United States, 530 U.S. 428, 438-440 (2000).  An individual may knowingly, intelligently and voluntarily waive these rights and answer questions without an attorney.  See Miranda, 384 U.S. at 479; see also Berghuis v. Thompkins, 130 S.Ct. 2250, No. 08-1470, 2010 WL 2160784, at *11 (U.S. June 1, 2010).  However, unless the government demonstrates that the required warnings have been given and have been

2

knowingly, intelligently and voluntarily waived, its use of any statements obtained and, in some circumstances, evidence derived from those statements, is curtailed.  See United States v. Patane, 542 U.S. 630, 644; Miranda, 384 U.S. at 444.

As the United States Supreme Court has recently reaffirmed in Berghuis:

> If the State establishes that a Miranda warning was given and the accused made an uncoerced statement, this showing, standing alone, is insufficient to demonstrate "a valid waiver" of Miranda rights.  The prosecution must make the additional showing that the accused understood these rights.  Where the prosecution shows that a Miranda warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent.

Berghuis, 130 S.Ct. 2261-62 (citations omitted).

The government bears the burden of proof concerning a motion to suppress statements that a defendant asserts were obtained in violation of his or her Miranda rights.  See Miranda, 384 U.S. at 475; see also Colorado v. Connelly, 479 U.S. 157, 168 (1986).  The knowing, intelligent and voluntary waiver of those rights must be proven by a preponderance of the evidence.  See Connelly, 479 U.S. at 168.

At the suppression hearing on Mr. Hayes' motion, the government sought to address its burden by presenting testimony from two officers, and by providing audio-video and police report evidence to buttress the officers' testimony.  The Court heard testimony from Jean-Marc Behar, Special Agent with the ATF, and Cleveland Police Force Detective Philip Habeeb, Special Task Force Officer assigned to the ATF.

Special Agent Behar testified that after placing Mr. Hayes in his jeep, at the scene of the arrest, he read the Defendant his Miranda warnings, asked him if he understood those warnings, received an acknowledgment from Mr. Hayes, and noted the time for his report. (Tr. 14-30, 60-65).  The government provided evidence of Mr. Behar's

3

reading of the Miranda warnings to Mr. Hayes.  (Govt's Exhibit 1, ATF form 3270.1 Hubert Hayes Property Form).  Special Agent Behar testified that the audio recording of the Miranda conversation between Special Agent Behar and Mr. Hayes was inadvertently destroyed when he transferred the recording to computer disc and erased the original.  (Tr. 17).  The Miranda colloquies for Mr. Hayes' co-defendants were preserved.  (Tr. 18).

During the cross-examination of Officer Behar, Mr Hayes' attorney asked Mr. Behar whether he always asked a suspect in custody if he understood the Miranda warnings.  (Tr. 40).  Mr. Behar responded that he always made sure the suspect understood the warnings because he "read[s] them their rights with the intent to talk and interview them, so you have to ask do you understand your right, and if there's any confusion, you have to make sure that that confusion is cleared up."  (Tr. 41).

Mr. Hayes attorney provided audio evidence of Mr. Behar reading the Miranda warnings to Mr. Hayes' co-defendant, Mr. Hampton.  (Defendant's Exhibit B, Audio of Miranda Warnings).  Mr. Hayes' attorney further provided a report, completed by Mr. Behar, of the Miranda warnings given to the four defendants during the course of the evening at the scene of the arrest. (Defendant's Exhibit A, List of Miranda warnings given and by whom).  From the audio-tape, the Court heard Mr. Behar ask Mr. Hampton if he was "interested in talking with us" after receiving the Miranda warnings.  (Tr. 49).  Special Agent Behar conceded that, in the instance of Mr. Hampton, he did not ask whether the co-defendant understood his Miranda warnings.  (Tr. 52).

While this aspect of Special Agent Behar's testimony provides a moment of disjuncture, it does not, considering the totality of the evidence before the Court,

undermine the specific, credible testimony by Special Agent Behar that Mr. Hayes' was provided his Miranda warnings at the time of his arrest. Separate credible testimony by interrogating Officer Habeeb, coupled with the government's audio-video evidence of Mr. Hayes' interrogation, carried out later that same evening by Officers Habeeb and Mike Alexander, indicate that Mr. Hayes acknowledged that he understood the Miranda warnings previously read to him that evening. (Tr. 112-113) (Governments Exhibit 3, Audio-video tape of Hubert Hayes' interrogation at the Cleveland Police Department).

The audio-video evidence indicated that Mr. Hayes answered in the affirmative to the question of whether he understood his Miranda warnings. Id. The testimony from Officer Habeeb also indicated that during the course of Mr. Hayes' interrogation by Officers Habeeb and Alexander, which lasted approximately one hour and a half, the defendant voluntarily spoke with the officers concerning the incident of his arrest, he did not ask for an attorney, did not ask that the questioning of the use of alcohol, drugs or medications cease, betrayed no confusion or mis-communication, did not appear under the influence, and did not refuse to answer any of the questions. (Tr. 76-79).

Mr. Hayes also testified at the hearing. He confirmed that he did not ask for an attorney, he did not ask the officers to cease questioning him, and he did not refuse to answer any of the questions put to him by the officers. (Tr. 279-86). Mr. Hayes also testified that only once in his experience did he ever receive his Miranda warnings, during the course of his nine arrests, five of which involved felonies,. (Tr. 279-82). Mr. Hayes specifically denied that he was read his Miranda warnings when detained by Special Agent Behar in the jeep. (Tr. 285). Mr. Hayes also testified that he was asked only about homicides during his interrogation by Officers Habeeb and Alexander. Id.

Through the course of the evidentiary hearing the Court assessed the credibility of the testimony from Special Agent Behar and Officer Habeeb with regard to whether Mr. Hayes was issued his Miranda warnings, whether he understood those warnings, and whether he voluntarily waived those warnings.  The Court further assessed the credibility of Mr. Hayes' testimony regarding whether he received his Miranda warnings, whether he understood those warnings, and whether he voluntarily waived them.  The Court found the testimony of Mr. Hayes less than credible on this matter.

The Court determines that the government has sustained its burden of proof by showing, by a preponderance of the evidence, that Mr. Hayes was given his Miranda warnings and understood those warnings.  Pursuant to the decision in Berghuis, Mr. Hayes' further uncoerced statements, during the course of his interrogation, establish an implied waiver of the right to remain silent.

Accordingly, Mr. Hayes' motion to suppress is denied.

IT IS SO ORDERED.

   /s/Lesley Wells  
UNITED STATES DISTRICT JUDGE

Date: 17 September 2010